UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

STEPHEN FLANAGAN as a Trustee of the General
Laborers' Local 66 Pension Fund, STEPHEN FLANAGAN
as a Trustee of the General Building Laborers' Local 66
Welfare Fund, STEPHEN FLANAGAN as Trustee of the
General Building Laborers' Local 66 Annuity Fund,
STEPHEN FLANAGAN as a Trustee of the General Building
Laborers' Local 66 Laborers' Employer Cooperative and
Educational Trust Fund, STEPHEN FLANAGAN as a Trustee
of the General Building Laborers' Local 66 Greater NY
Laborers' Employer Cooperative and Educational Trust Fund,
STEPHEN FLANAGAN as a Trustee of the General Building
Laborers' Local 66 Training Program, STEPHEN FLANAGAN
as a Trustee of the General Building Laborers' Local 66
New York State Health and Safety Fund, STEPHEN FLANAGAN
as Business Manager of General Building Laborers' Local Union
No. 66 of the Laborers' International Union of North America,
AFL-CIO,

**REPORT AND**
**RECOMMENDATION**
CV 14-4194 (ADS)(ARL)

                                    Plaintiffs,

        -against-


EPOXY TEK MANUFACTURING, INC., DESIGNER EPOXY
FINISHES, INC., and JUSTIN PELLEDINO,

                                 Defendants.

---------------------------------------------------------------X

LINDSAY, Magistrate Judge:

This matter was referred to the undersigned by District Judge Bianco for a report and

recommendation as to the appropriate damages to be awarded to the plaintiffs. The plaintiffs

have submitted the affidavit of William T. Lavelle in support of their request for damages,

including attorneys' fees and costs. Despite being served with the plaintiffs' motion for a default

judgment and the Court's February 23, 2017 order to show cause as to why the default judgment

should not be entered, the defendants, Epoxy Tek Manufacturing, Inc. ("Epoxy") and Designer

Epoxy Finishes, Inc. ("Designer"), have not submitted papers in opposition. Based on the

evidence submitted, the undersigned respectfully recommends that the plaintiffs be awarded

damages in the amount of $14,939.09 for delinquent contributions, $3,840.79 in interest on those unpaid contributions, $11,586.43 in liquidated damages, $1,050.00 in attorneys' fees and $692.00 in costs, for a total award as against Epoxy and Designer of $32,108.31.

## BACKGROUND

The plaintiff, Stephen Flanagan ("Flanagan"), trustee of the General Building Laborers' Local 66 Pension Fund, Welfare Fund, Annuity Fund, Laborers' Employer Cooperative and Educational Trust Fund, Laborers' Employer Cooperative and Educational Trust Fund, Training Program, and New York State Health and Safety Fund (the "Funds"), commenced this action by filing a summons and complaint on July 8, 2014, pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, seeking to collect delinquent contributions. ECF No. 1. The Funds are employee benefit and multiemployer plans in accordance with ERISA and the trustee is a fiduciary within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). Compl. ¶¶ 1, 4.

According to the complaint, the defendants are employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and signatories to a Trade Agreement in effect for the period July 1, 2008 through June 30, 2011 (the "CBA"). *Id.* ¶ 7, 9; Lavelle Aff. Ex. C. Pursuant to the terms of the CBA, the defendants were obligated to make periodic contributions to the Funds on behalf of all employees who performed work covered by the CBA. *Id.* ¶ 13. They were also obligated to submit remittance reports, and, upon the plaintiffs' request, to submit thier books and records for audit to ensure compliance with the required benefit fund contributions. *Id.* The defendants failed to make contributions to the Funds from May 7, 2010 through May 28, 2011, totaling $16,327.74. *Id.* ¶ 18. According to the spreadsheets generated pursuant to the Shop

2

Steward Reports, $14,939.09 remains due and unpaid. Lavelle Aff. Exs. A, B.

As previously stated, on July 8, 2014, the plaintiffs filed the instant action against the defendants to recover damages for the unpaid contributions. ECF No. 1. On January 1, 2016, Judge Bianco issued an order to show cause as to why plaintiffs had not effectuated service. On February 2, 2016, the plaintiffs responded to the order, and the summons was returned executed, indicating that defendants Designer and Epoxy had been served on October 31, 2014. Thereafter, the plaintiffs requested a certificate of default against the corporate defendants, and the Clerk of the noted their default on December 15, 2016. On February 1, 2017, the plaintiffs filed the instant motion and, on March 30, 2017, Judge Bianco granted the plaintiffs' motion for a default judgment against defendants Designer and Epoxy.[1]

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries

---

[1]On February 16, 2017, the plaintiffs sought to voluntarily dismiss the defendant Justin Palladino, a/k/a Justin Pelledino, with prejudice.

pleaded." *Greyhound*, 973 F.2d at 159.

The complaint in this action seeks damages for the defendants' violation of ERISA. Pursuant to the terms of the CBA, the defendants were required to make benefit contributions to the Funds for eligible employees. *Id.* ¶ 13. In addition, pursuant to the terms of the CBA, employers whose contributions were delinquent were liable for the amount of the delinquent contributions, interest at the rate prescribed under Section 6621 of Title 26 of the United States Code, in this case, 4% on an annual basis, compounded daily, liquidated damages of 12% of the principal amount due or an amount equal to interest, whichever is greater, attorneys' fees, and costs. *See* Lavelle Aff. ¶¶ 5-13. According to the Shop Steward Reports and the corresponding spreadsheet annexed to counsel's affidavit, $14,939.09 is due in unpaid contributions. *Id.* ¶ 4, Exs. A, B. Thus, the undersigned recommends that the plaintiffs be awarded delinquent contributions in the amount of $14,939.09. *See* 29 U.S.C. § 1132(g)(2)(A).

The plaintiffs also claim that pursuant to ERISA Section 1132(g)(2)(B) and (E) and the CBA, they are entitled to interest on the unpaid contributions at a rate of 4% per year. *See* Lavelle Aff. ¶¶ 5-9, Ex. C, Art. Six, Sect. 6. According to the plaintiffs' papers, the total interest due is $3,840.79. *Id.* ¶ 9. Accordingly, the undersigned further recommends that the plaintiffs be awarded $3,840.79 in interest on unpaid contributions.

The plaintiffs are also entitled to liquidated damages in an amount equal to of 12% of the principal amount. Specifically, the CBA provides: "it is agreed that Employer shall be liable for an additional payment of twelve percent, or the percentage rate prescribed under Section 6621 of Title 26 or the United States Code, whichever is greater." Lavelle Aff, Ex. C, Art. Six, Sect. 6 (i); *see also* 29 U.S.C. § 1132(g)(2)(c). In this case, the twelve percent is the greater sum. Accordingly, the undersigned recommends that the plaintiffs be awarded $11,586.43 in

liquidated damages.

Finally, the plaintiffs also seek to be awarded reasonable attorneys' fees and costs pursuant to the CBA. As a general matter in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee'.") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (and following *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010). The Supreme Court held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue,* 130 S. Ct. at 1672 (emphasis in original). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee." *Id.* at 1673 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours).

This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably

5

comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984),

and the relevant community is generally the "district in which the court sits," *Polk v. New York*

*State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the

party seeking attorney's fees to submit sufficient evidence to support the hours worked and the

rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012),

and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of*

*New York*, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the

lodestar represents the appropriate award, though "enhancements may be awarded in rare and

exceptional circumstances." *Perdue*, 130 S. Ct. at 1673.

The plaintiffs seek $1,050.00 in attorneys' fees and $692.00 in costs, and counsel has

submitted an itemization of time spent and the activities performed. Lavelle Aff, Ex. E. The

itemization reflects that plaintiffs' attorney spent a total of 7 hours working on this case and

billed at a rate of $150 per hour. *Id.* Here, the court finds the plaintiffs' rate to be within the

reasonable range. Accordingly, the undersigned recommends that the plaintiffs be awarded

attorneys' fees in the amount of $1,050.00

The plaintiffs also seek costs in the amount of $692.00, consisting of a court filing fee

and service of process. The court finds these costs to be reasonable and recommends that the

plaintiffs be awarded costs amounting $692.00.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date

below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file

proof of service with the court. Any objections to this Report and Recommendation must be

filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of

service. Failure to file objections within this period waives the right to appeal the District Court's

Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d

Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       August 15, 2017

/s/
ARLENE R. LINDSAY
United States Magistrate Judge