UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 GREATER
NY LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND, STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 TRAINING PROGRAM; STEPHEN
FLANAGAN, as a Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 NEW YORK STATE HEALTH
AND SAFETY FUND; STEPHEN FLANAGAN, as
Business Manager of GENERAL BUILDING LABORERS'
LOCAL UNION NO. 66 of the LABORERS'
INTERNATIONAL UNION OF NORTH AMERICA,
AFL-CIO,

    Plaintiffs,         ORDER
                 14-CV-4194 (JFB) (ARL)
    – against –

EPOXY TEK MANUFACTURING, INC.,
DESIGNER EPOXY FINISHES, INC., and
JUSTIN PELLEDINO,

    Defendants.
----------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 19 2017 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On March 20, 2017, the Court granted plaintiffs' motion for default judgment against defendants Designer Epoxy Finishes, Inc. ("Designer") and Epoxy Tek Manufacturing, Inc. ("Epoxy") (together, "defendants"), and dismissed plaintiffs' claim against defendant Justin Palladino, a/k/a Justin Pelledino, with prejudice. (Dkt. No. 17.) By the same Order, the Court also

1

referred the matter to United States Magistrate Judge Arlene R. Lindsay for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs. (*Id.*)

On August 15, 2017, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R," Dkt. No. 19), recommending that the Court award plaintiffs, in connection with the default judgment against defendants Epoxy and Designer, damages in the amount of $32,108.31, representing (1) $14,939.09 in unpaid contributions; (2) $3,840.79 in interest on the unpaid contributions; (3) $11,586.43 in liquidated damages; (4) $1,050.00 in attorneys' fees; and (5) $692.00 in costs. The R&R was served on defendants Epoxy and Designer on August 17, 2017. (Dkt. No. 20.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, *i.e.*, by August 31, 2017. (R&R 6-7.) The date for filing any objections has thus expired, and defendants have not filed any objections to the R&R. For the reasons set forth below, the Court adopts the findings in the thorough and well-reasoned R&R concerning (1) unpaid contributions; (2) interest on the unpaid contributions; (3) attorneys' fees; and (4) costs, awarding plaintiffs damages in the amount of $20,521.88, and the Court grants plaintiffs leave to submit another motion for liquidated damages.

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely

objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R concerning (1) unpaid contributions; (2) interest on the unpaid contributions; (3) attorneys' fees; and (4) costs, awarding plaintiffs damages in the amount of $20,521.88. With respect to liquidated damages, the Court, in an abundance of caution, does not award such damages at this time. For the reasons set forth below, the Court grants plaintiffs leave to make an additional submission setting forth the basis for, and their calculation of, their request for $11,586.43 in liquidated damages.

Pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2)(C), plaintiffs are entitled to liquidated damages in "an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions.[1] The Collective Bargaining Agreement ("CBA") entered into between the parties provides that interest on unpaid contributions is "determined by using the rate prescribed under Section 6621 of Title 26 of the United States Code." (LaVelle Aff. Ex. C, Art. 6, § 6(f)(B), Dkt. No. 13-1 at 33.) Under Section 6621 of Title 26 of the United States Code, plaintiffs are entitled

---

[1] Section 1132(g)(2) further states: "For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."

3

to 4 percent interest, compounded daily, which plaintiffs calculated to be $3,840.79.[2] (LaVelle Aff. ¶ 9, Dkt. No. 13 at 10-11; *see* United States Dep't of Labor, IRC 6621(a)(2) Table of Underpayment Rates, http://www.dol.gov/ebsa/calculator/interestratetables.html.) The CBA defines liquidated damages as "twelve percent, or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made . . . ." (LaVelle Aff. Ex. C, Art. 6, §§ 6(f)(C) and 6(i), Dkt. No. 13-1 at 33 and 34.) Accordingly, because the percentage rate prescribed under Section 6621 of Title 26 is the same rate used to calculate interest under the CBA, pursuant to the CBA, plaintiffs are entitled to liquidated damages in the amount equal to the greater of (i) interest on the unpaid contributions or (ii) twelve percent of the unpaid contributions, calculated from the day such payments were due to when the payments are actually made. However, because ERISA provides that the Court shall award damages in the amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for in the CBA "in an amount *not in excess of 20 percent*" of the unpaid contributions, 29 U.S.C. § 1132(g)(2)(C) (emphasis added), under the Court's interpretation, plaintiffs' liquidated damages are limited to the amount equal to the greater of (i) interest on the unpaid contributions, or (ii) twelve percent of the unpaid contributions, calculated from the day such payments were due to when the payments are actually made, *capped at twenty percent of unpaid contributions*.

Here, plaintiffs request $11,586.43 in liquidated damages. (LaVelle Aff. ¶ 12, Dkt. No. 13 at 11.) Plaintiffs calculated liquidated damages at a rate of twelve percent of the amount due,

---

[2] The R&R accepts plaintiffs' calculation of interest under 26 U.S.C. § 6621 and recommends that plaintiffs be awarded $3,840.79 in interest on the unpaid contributions. (R&R 4.) Having reviewed the R&R for clear error, the Court adopts the R&R's recommendation with respect to interest on the unpaid contributions.

"applied annually and compounded daily . . . from the last date of each respective period." (*Id.*) The Court, however, cannot reconcile plaintiffs' calculation of liquidated damages with the CBA or ERISA. First, the Court can find nothing in the CBA entitling plaintiffs to liquidated damages at a rate of twelve percent, *compounded daily*. Second, even if plaintiffs did not compound interest daily, were the Court to calculate liquidated damages at twelve percent annually, this amount would exceed the maximum rate of twenty percent of the unpaid contributions that is allowed by ERISA when calculating liquidated damages pursuant to the CBA.[3] As set forth above, under the Court's interpretation, plaintiffs are entitled to liquidated damages in the amount equal to the greater of (i) unpaid interest, or (ii) "twelve percent . . . of the amount owing from the close of the day on which any such payment was due to the date when payment is actually made," (LaVelle Aff. Ex. C, Art. 6, §§ 6(f)(C) and 6(i), Dkt. No. 13-1 at 33 and 34), capped at twenty percent of the unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(C). Because the amount of unpaid interest ($3,840.79) is greater than twenty percent of the unpaid contributions ($2,987.82), it would appear that plaintiffs are entitled to an additional $3,840.79 in damages. In an abundance of caution, however, the Court grants plaintiffs leave to renew their motion to provide proper support for their request for $11,586.43 in liquidated damages. Accordingly,

---

[3] Defendants owe $14,939.09 in unpaid contributions. (R&R 4; LaVelle Aff. ¶ 4, Dkt. No. 13 at 9; LaVelle Aff. Exs. A and B, Dkt. No. 13-1 at 1-6.) Twenty percent of $14,939.09 is $2,987.82. In order to calculate liquidated damages at a rate of twelve percent annually, one would multiply the unpaid contributions by twelve percent, and apply that amount for each year defendants were delinquent on the contributions. Calculating liquidated damages at twelve percent annually on the first set of delinquencies alone—the delinquencies generated from May 14, 2010 through May 21, 2010, totaling $10,241.72 (LaVelle Aff. ¶ 9, Dkt. No. 13 at 10)—amounts to $8,603.07, far greater than twenty percent of the unpaid contributions ($2,987.82): $10,241.72 multiplied by twelve percent equals $1,229.01 per year; $1,229.01 multiplied by seven—the contributions have been delinquent for over seven years—is $8,603.07.

IT IS HEREBY ORDERED that plaintiffs are awarded damages in the amount of $20,521.88, representing (1) $14,939.09 in unpaid contributions; (2) $3,840.79 in interest on the unpaid contributions; (3) $1,050.00 in attorneys' fees; and (4) $692.00 in costs.

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendants and file proof of service with the Court.

IT IS FURTHER ORDERED that plaintiffs are granted leave to renew their motion in order to provide additional support for the requested liquidated damages of $11,586.43 by October 13, 2017. If no additional submission is received, the Court will enter judgment as noted above, including $3,840.79 in liquidated damages.

SO ORDERED.
s/ Joseph F. Bianco

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2017
Central Islip, NY